No. 18 CV 1515 (ILG) (RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JESSICA PETERSON,

                              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, AND JOSEPH SCARMATO, PRINCIPAL OF TOTTENVILLE HIGH SCHOOL,

                              Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-317*
*New York, New York  10007*
*LM # 2018-024120*

*Of Counsel:  Gary Moy*
*Tel.:  (212) 356-3522*

**TABLE OF CONTENTS**

                                                                  **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

    I.    PLAINTIFF IS PRECLUDED UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL FROM RAISING CERTAIN ISSUES ALREADY LITIGATED IN THE PRIOR 3020-A PROCEEDINGS ................................................................................. 2

    II.    PLAINTIFF FAILS TO STATE A CLAIM OF DISCRIMINATION FOR FAILURE TO ACCOMMODATE UNDER THE ADA, NYSHRL, AND NYCHRL ................................................................................. 4

    III.    PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF HOSTILE WORK ENVIRONMENT UNDER THE ADA, NYSHRL, AND NYCHRL ..................................... 5

    IV.    PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF RETALIATION UNDER THE ADA, NYSHRL, AND NYCHRL ................................................................................. 6

    V.    PLAINTIFF HAS FAILED TO ALLEGE A FIRST AMENDMENT RETALIATION CLAIM ................................................. 6

    VI.    PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER NEW YORK CIVIL SERVICE LAW SECTION 75-B ................................................................................. 9

    VII.    PLAINTIFF'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH NOTICE OF CLAIM REQUIREMENTS AND FAILURE TO STATE A CLAIM ................................................................................. 10

    VIII.    THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO AMEND THE COMPLAINT ................................................................................. 10

## PRELIMINARY STATEMENT

Plaintiff's opposition memorandum, much like the Complaint, relies on conclusory assertions rather than recitation of facts to support her claims that defendants removed, and then denied her reasonable accommodations, and retaliated against plaintiff for engaging in union activity. Rather than respond point-by-point to each argument that identified specific deficiencies with plaintiff's claims, plaintiff instead resorts to straw man arguments and inferences as opposed to facts actually delineated within the Complaint. Plaintiff's reliance on conclusory assertions and vague references to the Complaint -- divorced from context or dates and often erroneously conflating one actor with another or the "administration" -- obscures the legal analysis. In any event, plaintiff's sparse analysis and almost non-existent attempt to refute defendants' arguments with any specificity underscore the Complaint's deficiency.

## ARGUMENT

### I. PLAINTIFF IS PRECLUDED UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL FROM RAISING CERTAIN ISSUES ALREADY LITIGATED IN THE PRIOR 3020-A PROCEEDING

Plaintiff appears to concede that, based on the arbitrator's findings, she cannot dispute that DOE never granted her the accommodation of the exclusive use of a classroom, to avoid hall passing, or the delivery of proctoring materials. (See 3020-a Decision, Exhibit A to Moy Decl., at pp. 45-46, 60-62; cf. Compl. ¶ 20) Further, while plaintiff alleges that Principal Scarmato removed accommodations in September 2016 (*i.e.*, by modifying plaintiff's schedule so teaching periods and prep periods were no longer consecutive) (Compl. at ¶ 34), these were not accommodations that DOE had ever granted. (See 3020-a Decision, at pp. 60-62) Rather than recognize the effect of the arbitrator's decision on this case, see Def. Mot. at pp. 7-8, plaintiff shifts the discussion to purported issues she claims the arbitrator's decision does not touch -- implausibly alleging that the arbitrator's decision "suggests a strong inference that those

disciplinary charges were otherwise brought against her based on improper discriminatory or retaliatory motives". (See Opp. Memo. at p. 12)

Nothing in the arbitrator's decision supports plaintiff's assertion and she, of course, does not provide the Court with any citations to the decision where such inference could conceivably be made or to any law stating that "inference" suffices as fact for the purposes of defeating a Rule 12(b)(6) motion to dismiss. Dismissing certain allegations, for example, as duplicative of other charges that the arbitrator sustained (see, e.g., 3020-a Decision at p. 34) does not suggests a nefarious intent. Moreover, plaintiff already litigated the argument that the disciplinary charges against her were retaliation for union activity, which defendants denied. (See 3020-a Decision at pp. 7, 13) Since the arbitrator rejected plaintiff's argument *sub silentio* (and arguably did so explicitly with respect to the forged document charges, see 3020-a Decision at p. 63), plaintiff cannot re-litigate the issue in this federal action. See Almanzar v. City of N.Y., No. 16 Civ. 2696 (ALC), 2017 U.S. Dist. LEXIS 158956, at *13 (S.D.N.Y. Sept. 27, 2017) (plaintiff precluded from raising an issue in federal action that the Civil Service Commission passed on *sub silentio*; while the CSC "did not explicitly discuss the [issue]", "Plaintiffs presented that question to the CSC, and, by affirming ... the CSC decided it"); see also Sheffield v. Sheriff of Rockland Cty. Sheiff Dep't, 393 F. App'x 808, 813 (2d Cir. 2010) ("it is entirely possible for a court to consider and reject a particular claim presented to it without any express discussion of or allusion to that claim.").

Further, the arbitrator's findings preclude any inference that the disciplinary charges were motivated by discriminatory or retaliatory animus that plaintiff attributes to Principal Scarmato. As the arbitrator noted with respect to the forged accommodation letter, "despite the strained relationship between Principal Scarmato and [plaintiff], … this matter was called into SCI for investigation *independent of the principal*" by the Associate Director of the

2

Office of Equal Opportunity ("OEO") and the Deputy Superintendent. (See 3020-a Decision at p. 63 (emphasis added); see also id. at pp. 44-46)  Based on the arbitrator's findings, it is clear that the disciplinary proceeding arose from a series of actions that began with concerns with personnel from DOE's OEO and Medical Bureau that plaintiff forged a document purporting to show that she had been granted certain medical accommodations. (See id. at pp. 45-46)

Although plaintiff in this federal action also attributes the other charges against her -- relating to improper language and photographing students -- to Principal Scarmato's purported discriminatory or retaliatory animus, it is clear from the arbitrator's findings that the premise for the remaining charges were based on allegations brought by students and other teachers. (See id. at pp. 33-34, 35-36, 39-40)  In summary, the arbitrator's findings have collateral estoppel effect with respect to certain issues and claims in this case, including precluding plaintiff from arguing that Principal Scarmato removed accommodations that the arbitrator determined had never been granted, and further invalidates plaintiff's contention that the disciplinary charges were motivated by discriminatory or retaliatory animus.

## II. PLAINTIFF FAILS TO STATE A CLAIM OF DISCRIMINATION FOR FAILURE TO ACCOMMODATE UNDER THE ADA, NYSHRL, AND NYCHRL

Rather than address defendants' argument that plaintiff failed to state a claim of failure to accommodate, plaintiff's opposition memorandum misstates defendants' arguments in part and dedicates the remainder of its lone paragraph to asserting that the arbitrator did not make any findings about whether plaintiff's accommodation requests were reasonable. (See Opp. Memo. at p. 13)  But plaintiff fails to respond to defendants' arguments that she was afforded certain medical accommodations, which she cannot dispute, and that she has failed to otherwise show that the accommodations granted were inadequate or unreasonable.  Further, as set forth Point I *supra*, plaintiff cannot demonstrate she ever requested certain accommodations such that she can plausibly assert that defendants later denied them or took them away.  Moreover,

3

plaintiff ignores defendants' arguments that, insofar as she claims that she made new requests that were denied, she fails to allege facts to show that she was disabled within the meaning of the relevant statutes or the specific content of each request and the underlying rationale from which to infer that an accommodation was warranted or that the requests were reasonable.

Additionally, plaintiff failed to address defendants' argument that her NYSHRL and NYCHRL failure to accommodate claims should be dismissed on the independent basis that she failed to include them as theories of liability in her February 26, 2018 Notice of Claim.[1] Plaintiff also failed to address arguments that her NYSHRL and NYCHRL failure to accommodate claims against DOE should be dismissed because the premises that form the bases for these claims are time-barred since plaintiff was allegedly denied accommodations on December 12, 2016 and plaintiff did not commence this action until March 12, 2018.

### III. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF HOSTILE WORK ENVIRONMENT UNDER THE ADA, NYSHRL, AND NYCHRL

As with plaintiff's claim for purported failure to accommodate, her arguments in support of the hostile work environment claim relies on the conclusory assertion in one paragraph, without any factual or legal support, that the allegations in the Complaint are sufficient to state a claim. (Opp. Memo. at p. 14) While plaintiff alleges that the undefined "administration" engaged in a "campaign to make her life miserable", the Complaint is devoid of any facts that any of the complained of conduct amounted to intolerable conditions or that OEO and/or Medical coordinated in any way in an effort with Principal Scarmato in purported retaliation for plaintiff's union activity against Principal Scarmato. Further, although plaintiff

---

[1] Plaintiff erroneously asserts that defendants "concede that a notice was indeed filed placing the NYCDOE on notice of Defendants' [sic] state and city law claims." (Opp. Memo. at 18) Defendants made no such concession and specifically noted in their moving papers that, other than the § CSL 75-b claim, plaintiff did not assert in the Notice of Claim any of the state and city law claims brought in this action. (See, e.g., Def. Mot. at pp. 13, 16, 24 & n.4; Exhibit B to Moy Decl.)

4

alleges in conclusory action that she was subjected to "hostile actions" after she became chapter leader, her status as chapter leader is irrelevant to her claims of hostile work environment due to disability discrimination under the ADA, NYSHRL, and NYCHRL.

Insofar as the hostile work environment claim is premised on plaintiff's complaint that, in November 2017, DOE denied her request to participate in SLT meetings *on school grounds* due to her administrative reassignment out of the school pending the disciplinary proceeding (Compl. ¶¶ 63-65),[2] plaintiff has not alleged any facts to suggest that this amounted to anything more than a petty slight or inconvenience; in fact, plaintiff acknowledges that she was allowed to participate as chapter leader over the telephone. (See Opp. Memo. at 10) Significantly, although plaintiff complains about the alleged inconvenience of doing so over the telephone, she does not and cannot deny that she actually participated in these meetings. Moreover, plaintiff was allowed onto school grounds to observe the meetings as a member of the public under the Open Meetings Law, which she concedes she knew about; thus, insofar as she did not attend meetings, any such decision was of her own accord. Importantly, plaintiff does not allege that defendants refused her entry altogether to SLT meetings nor does she allege that she has any sort of independent right to attend the meetings in her union capacity.

Regardless, plaintiff has failed to allege any facts to suggest that she suffered an adverse employment action or that she was otherwise was treated less well *because of* her disability or accommodation requests. Additionally, as previously argued, plaintiff did not assert NYSHRL or NYCHRL hostile work environment claims in the Notice of Claim as a theory of liability and, as such, is barred from asserting the claims against DOE in this case.

---

[2] This federal action is yet another forum by which plaintiff seeks to grieve her exclusion from participating in SLT meetings on school grounds. Plaintiff filed an earlier Article 78 petition challenging this exclusion, which is still pending. See Jessica Peterson v. Bd. of Educ. of the City School District of the City of N.Y., et al., Index No. 100352/2018 (Sup. Ct. N.Y. Cty.).

## IV. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF RETALIATION UNDER THE ADA, NYSHRL, AND NYCHRL

Plaintiff dedicates one paragraph in support of her retaliation claims under the ADA, NYSHRL, and NYCHRL, arguing in conclusory fashion, without any legal support, that the complained of conduct is actionable. Plaintiff avoids defendants' arguments that she failed to allege facts to support a causal connection between her alleged September 9, 2016 complaint about her (non-existing) accommodations to any adverse actions under the ADA and NYSHRL or any negative actions that disadvantaged plaintiff under the NYCHRL. Plaintiff also skirts defendants' arguments that the September 9, 2016 comments are too remote in time to establish temporal proximity with respect to the December 12, 2016 disciplinary letter or any other actions occurring thereafter. See Alexander v. Bd. of Educ., 107 F. Supp. 3d 323, 329-30 (S.D.N.Y. 2015) (courts "have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation"). Nor does plaintiff contest that she did not assert NYSHRL or NYCHRL retaliation claims in the notice of claim; accordingly, plaintiff is barred from asserting them against DOE in this case.

## V. PLAINTIFF HAS FAILED TO ALLEGE A FIRST AMENDMENT RETALIATION CLAIM

As an alternate theory of liability, plaintiff attributes the complained of conduct to alleged First Amendment retaliation by DOE and Principal Scarmato against plaintiff for her acts as union Chapter Leader filing grievances on behalf of union members. (See Compl. ¶¶ 83-84) Plaintiff argues that Principal Scarmato had motivation to retaliate and claims that there is a close temporal proximity as the disciplinary allegations against plaintiff occurred "shortly after publication of the union victories of the UFT newspaper in July 2016". (See Opp. Memo. at p. 17) However, the UFT newspaper's publication of union victories is speech by the union, not

plaintiff; plaintiff's alleged grievances underlying the articles occurred in October and November 2015 (Compl. ¶¶ 26-28), thus negating any suggestion of temporal proximity. Notwithstanding, even using July 2016 as the relevant date for plaintiff's "protected activity", the earliest "disciplinary allegation[]" referenced in the Complaint occurred five months later in December 2016, which defendants' moving papers showed is too remote in time to support an inference of causation based on temporal proximity. See, e.g., See Alexander, 107 F. Supp. 3d at 329-30.

Additionally, plaintiff does not refute defendants' arguments that the February 2017 grievance is too remote in time from the June 2017 charges and specifications and September 2017 amended charges. As such, insofar as plaintiff bases her retaliation claim on the February 2017 grievance, the claim should be deemed abandoned. See Silverman v. Household Fin. Realty Corp. of New York, 979 F. Supp. 2d 313, 317 (E.D.N.Y. 2013) (finding that, where the plaintiffs defended only some of the claims that the defendants moved to dismiss, the claims not defended were abandoned); Adams v. N.Y. State Educ. Dep't, 752 F. Supp. 2d 420, 452 n.32 (S.D.N.Y. 2010) (collecting cases in which courts deemed plaintiff's claims abandoned for failure to address defendant's arguments).

Insofar as plaintiff bases her First Amendment retaliation claim on her exclusion from school grounds in November 2017 for the purposes of participating at SLT meetings as a chapter leader (even though she could participate by telephone), as stated *infra* Part IV, plaintiff fails to show that this amounted to anything more than a petty slight or inconvenience or would dissuade a person from engaging in a protected activity. Plaintiff also fails to plausibly allege a causal connection. Although plaintiff, for example, alleges that she filed a complaint in November 2017 with PERB alleging retaliation for union activity, plaintiff does not allege facts to show when, if at all, she served defendants with the PERB charges or when they otherwise became aware of the complaint. Further, plaintiff cannot establish a causal connection because

7

her exclusion from school grounds was a natural consequence of the charges and specifications, which predated the PERB charge, resulting in plaintiff's reassignment from Tottenville High School pending the 3020-a proceeding. See Agard v. N.Y. State Dep't of Taxation & Fin., No. 10 CV 4726 (JS), 2012 U.S. Dist LEXIS 34614, at *22 (E.D.N.Y. Feb 23, 2012) (dismissing First Amendment retaliation claim as the "continuation of an adverse employment condition 'initiated long before the protected activity in question does not, without more, logically support an inference that the protected activity prompted retaliation"); Sherwyn Toppin Mktg. Consultants v. Gluck, No. 11 CV 3951 (MKB), 2012 U.S. Dist. LEXIS 137504, at *21-22 (E.D.N.Y. Sept. 25, 2012) (where "'gradual adverse' actions began 'well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.'"); see also Nicastro v. N.Y.C. Dep't of Design and Const., 125 F. App'x 357, 358 (2d Cir. 2005) (plaintiff failed to establish Title VII retaliation claim because the adverse employment actions had begun before the plaintiff engaged in protected activity); Young v. Westchester Cty. Dep't of Soc. Servs., 57 F. App'x 492, 495 (2d Cir. 2003) (dismissing ADA retaliation claim "where the adverse action was already ongoing at the time of the protected activity, or is very similar to another adverse action that was taken before the protected activity, with no other change in relevant circumstances, logic precludes any inference of causation").

DOE's decision to deny plaintiff permission to participate in SLT meetings on school grounds is in accordance with DOE policy to deny teachers who have been administratively reassigned permission from entering the school or participating in school activities. See Portelos v. Bd. of Educ. of the City Sch. Dist. of the City of NY, 2013 NY Slip Op 32842[U], *5, 2013 N.Y. Misc. LEXIS 5170 (Sup. Ct., NY Cty. 2013). Chancellor's Regulation A-655 does not give SLT members the right to attend the meetings if they are prohibited from entering the school or participating in school activities due to administrative

8

reassignment and/or pending charges of misconduct." Id. at *6; see also Chancellor's Regulation A-655, available at http://schools.nyc.gov/NR/rdonlyres/148BD8A5-EFBD-4DBD-9CEE-4776435E781D/82007/A655FINAL2.pdf.³  In summary, plaintiff has failed to state a claim of First Amendment retaliation.

## VI. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER NEW YORK CIVIL SERVICE LAW SECTION 75-B

Plaintiff does not refute defendants' arguments that the CSL § 75-b claim against Principal Scarmato should be dismissed because the statute does not provide for individual liability. As such, the claim against Principal Scarmato should be deemed abandoned.

With respect to the DOE, plaintiff's reliance on the cases cited in her opposition is unavailing in part because in those cases the Court determined that plaintiff had plausibly alleged retaliatory acts to a protected activity, which plaintiff has not done here. Additionally, the cases cited by plaintiff did not involve the same issue concerning the statute of limitations, which limits plaintiff's claims in this action to alleged incidents that occurred after March 12, 2017. Further, the charges and amended charges served on June 23 and September 14, 2017 are too remote from plaintiff's grievance on February 28, 2017 -- the latest date of alleged union activity -- to support an inference of causation. And, while plaintiff alleges dismissal of § CSL 75-b claims on a motion to dismiss is inappropriate, both state and federal courts have taken judicial notice of the Collective Bargaining Agreements and have dismissed these retaliation claims on a motion to dismiss. See Krzesaj v. Henry, No. 16 Civ. 2926 (ER), 2017 U.S. Dist. LEXIS 37543, at *33-34 (S.D.N.Y. Mar. 15, 2017); Ehrlich v. Dep't of Educ. of the City of N.Y., Index No. 154295/12, 2013 N.Y. Misc. LEXIS 5202, at *6 (Sup. Ct., N.Y. Cty., Nov. 7, 2013).

---

³ The Court may take judicial notice of this publically available document.

## VII. PLAINTIFF'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH NOTICE OF CLAIM REQUIREMENTS AND FAILURE TO STATE A CLAIM

Plaintiff recognizes the "high standard of proof" for this claim (Opp. Memo. at p. 19) and does not make any attempt to argue that she satisfied pleading requirements; instead, she asks for discovery to develop this claim, evidently regardless of Iqbal's admonition that the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions". Ashcroft v. Iqbal, 556 U.S. 662, 67879 (2009). Plaintiff does not dispute that "[i]t is well-settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity." Lauer v. City of N.Y., 240 A.D.2d 543, 544 (2d Dep't 1997). Nor does plaintiff dispute that she did not include this tort claim in her Notice of Claim against DOE or Principal Scarmato. Plaintiff only argues that she adequately pled "outrageous conduct" by asserting that Principal Scarmato denied her disability accommodations; however, plaintiff does not allege any facts to attribute the denial of accommodations to Principal Scarmato rather than OEO and/or Medical Bureau. For the foregoing reasons, and the reasons set forth in defendants' moving papers, the claim of intentional infliction of emotional distress should be dismissed.

## VIII. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO AMEND THE COMPLAINT

The Court should deny plaintiff's request for leave to amend the Complaint as futile because plaintiff has not offered the Court any facts to show that he will be able to cure these deficiencies to satisfy the pleading requirements of Iqbal and Twombly. See Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given."). In fact, plaintiff acknowledges many of the allegations in the Complaint are time-barred, which cannot be cured. (See Opp. Memo. at pp. 17-18)

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court grant their motion to dismiss the complaint in its entirety, together with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        August 6, 2018

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-317
New York, New York 10007
(212) 356-3522
gmoy@law.nyc.gov

By: _____/s/_____
    Gary Moy
    Assistant Corporation Counsel